KRIEGLER, Acting P.J.
*653 Petitioner Michael Kerr Walker entered a plea of no contest to a misdemeanor count of contracting without a license. ( Bus. & Prof. Code, § 7028, subd. (a).)[1] As a condition of probation, the trial court ordered Walker to pay restitution for the actual economic loss suffered by the victim, but denied the People's request to require Walker to make full restitution of all payments he received for his construction services and attorney fees incurred by the victim. On appeal by the People, the Appellate Division of the Superior Court of Los Angeles County reversed in a published opinion, holding that the victim was entitled to restitution for the full amount she paid to Walker, plus interest, as well as her attorney fees. In his petition for writ of mandate, Walker contends the Appellate Division erred in requiring criminal restitution in a manner intended to apply to civil actions, and by ordering restitution of attorney fees in an amount not proven by substantial evidence. We conclude that the civil disgorgement statute relied on by the Appellate Division does not control the *527 amount of restitution in a criminal action. We further conclude that the Appellate Division did not err in ordering restitution of Curto's attorney fees. We therefore grant the mandate petition in part and deny in part. *654 FACTUAL AND PROCEDURAL HISTORY
In August 2013, Sharon Curto entered into a written construction contract with Walker, an unlicensed contractor, to paint her home and to install 10 new windows. The original contract price was for $49,860. As the work progressed, additional work was added to the project and additional invoices were issued by Walker. On November 30, 2013, Walker sent Curto a demand letter stating she owed him $9,851. At that point, Curto had paid Walker a total of $61,428. Curto subsequently paid Walker $2,000 against the $9,851 balance. Walker initiated a lawsuit against Curto for nonpayment of the full amount due. Curto hired an attorney to defend her in the lawsuit.[2] Curto filed a complaint against Walker with the California Department of Consumer Affairs Contractors State License Board (Board). During the investigation, the Board discovered Walker was not a licensed contractor and referred the matter to the Santa Monica City Attorney for criminal prosecution.
On November 4, 2015, Walker entered his plea of no contest to a violation of section 7028, subdivision (a). The court suspended imposition of sentence, and placed Walker on summary probation for two years. The court set a hearing to determine the amount of restitution Walker would be ordered to pay Curto as a condition of his probation.
The trial court conducted an extensive restitution hearing over the course of four days, which included briefing by both parties. The People's brief requested the court order Walker to pay Curto the entire amount she had paid him for his work, plus interest, and attorney fees incurred in the civil action. Later, the People increased the restitution request to include the cost for Curto to install one and a half windows that were not installed by Walker, and to repair and repaint her house.
The trial court denied the People's request for a full refund of Curto's payments to Walker. The court further denied Curto attorney fees incurred in the civil action. However, the court allowed the People to establish the actual economic loss suffered by Curto. Curto testified that Walker's work was substandard because the paint was fading, chipping, bubbling, and peeling. In December 2015, Curto obtained an estimate of $15,800 to repair and repaint her house. Curto further testified that Walker did not complete the window installation, as he only replaced eight and a half out of the ten windows. Curto obtained an estimate from the Board suggesting that it will cost at least $625 to complete the window installation. Sylvester Egan, a licensed contractor and expert witness for the defense, testified that constant maintenance is required on all paint jobs due to a house's natural weathering.
*655 The trial court ordered Walker to pay restitution in the amount of $1,299. This figure consisted of $1,250 for the installation of the one and a half windows, covering the cost of labor and materials. The court accepted as reasonable Curto's $15,800 repair and repainting estimate, but found a substantial portion was necessitated by normal weathering rather than Walker's substandard performance. Therefore, the court discounted this amount by one-half ($7,900). The court then subtracted *528 $9,150 ($7,900 for the paint repair plus $1,250 for the windows) from the amount that was unpaid to Walker ($9,150 minus $7,851), which left a balance of $1,299 in economic loss.
The People filed a Notice of Appeal from the trial court's restitution order. On November 16, 2016, the Appellate Division reversed the restitution order in a published decision. ( People v. Walker (2016) 6 Cal.App.5th Supp. 38, 211 Cal.Rptr.3d 829.) The Appellate Division held the trial court abused its discretion in not ordering full restitution for all compensation Curto paid to Walker, plus interest, as well as not ordering attorney fees incurred in the civil action. ( Id. at pp. 43-46, 211 Cal.Rptr.3d 829.) In reaching its decision, the Appellate Division relied on section 7031, which provides that an unlicensed contractor cannot not sue for payment of his unlicensed work, and the homeowner has the right to bring a civil action to recover all sums paid to him. ( Id. at p. 43, 211 Cal.Rptr.3d 829.) The Appellate Division recognized that section 7031 is not directly applicable in a criminal case, however, "the impact of the statute means, in practical terms, that the homeowner parted with her money in a situation where she did not have to do so. Thus, even if the work performed by [Walker] bestowed a benefit to the homeowner, she nonetheless incurred an economic loss for purposes of her constitutional and statutory right to restitution (see Cal. Const. art. I, § 28, subd. (a), Pen. Code, § 1202.4, subd. (a)(1)) in the amount of all monies paid to him for his unlicensed work. In addition, [Curto] was entitled to restitution of attorney fees incurred in defending against [Walker's] civil action for unpaid compensation and in prosecuting her counterclaim to recover the money she paid [Walker] under the contract. (See Pen. Code, § 1202.4, subd. (f)(3)(H).)" ( Id. at p. 40, 6 Cal.App.5th Supp. 38.) On December 5, 2016, Walker's petition for rehearing was denied.
On December 20, 2016, this court declined to exercise its authority to transfer jurisdiction of the matter to this court. On February 3, 2017, we summarily denied Walker's petition for writ of mandate. On March 29, 2017, the California Supreme Court granted Walker's petition for review and transferred the matter back to this court, with directions to vacate our February 3, 2017 order and direct the respondent to show cause why relief sought in the petition should not be granted. We complied with the orders from the Supreme Court by vacating our order denying the petition for writ of mandate and issuing the order to show cause as directed. We now proceed to consider the merits of the petition.
*656 DISCUSSION
"Restitution is constitutionally and statutorily mandated in California." ( People v. Keichler (2005) 129 Cal.App.4th 1039, 1045, 29 Cal.Rptr.3d 120 ( Keichler ); see Cal. Const., art. 1, § 28 ; Pen. Code, § 1202.4.) Penal Code section 1202.4, subdivision (f) provides for a direct restitution order "in every case in which a victim has suffered economic loss as a result of the defendant's conduct." "The order is to be for an amount 'sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct.' ( Id., § 1202.4, subd. (f)(3).)" ( People v. Brasure (2008) 42 Cal.4th 1037, 1074-1075, 71 Cal.Rptr.3d 675, 175 P.3d 632.) A person who utilizes the services of a convicted unlicensed contractor is eligible for restitution for economic losses ( Pen. Code, § 1202.4, subd. (f) ), regardless of whether he or she had knowledge that the contractor was unlicensed. ( § 7028, subd. (h).)
*529 " 'The standard of review of a restitution order is abuse of discretion. "A victim's restitution right is to be broadly and liberally construed." [Citation.] " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " [Citations.]' [Citation.]" ( People v. Baker (2005) 126 Cal.App.4th 463, 467, 23 Cal.Rptr.3d 871.) "In reviewing the sufficiency of the evidence, the ' "power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' [Citations.] Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.]" ( Id. at pp. 468-469, 23 Cal.Rptr.3d 871.) The trial court " ' "must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious." ' [Citation.]" ( Keichler , supra , 129 Cal.App.4th at p. 1045, 29 Cal.Rptr.3d 120.)
The Appellate Division erred in holding that the trial court abused its discretion, as there was a factual and rational basis for the restitution order. The plain language of Penal Code section 1202.4 limits the trial court's restitution order to actual economic losses suffered by the victim in the circumstances of this case. ( Pen. Code, § 1202.4, subd. (f)(3)(A) [restitution order should be "the actual cost of repairing the property when repair is possible"].) The restitution order is not intended to provide the victim with a windfall; instead, a victim is entitled to reimbursement only for his or her actual loss. ( People v. Millard (2009) 175 Cal.App.4th 7, 28, 95 Cal.Rptr.3d 751 ; People v. Fortune (2005) 129 Cal.App.4th 790, 794-795, 28 Cal.Rptr.3d 872.) There is no requirement the restitution order "reflect the amount of *657 damages that might be recoverable in a civil action." ( People v. Carbajal (1995) 10 Cal.4th 1114, 1121, 43 Cal.Rptr.2d 681, 899 P.2d 67 ; see People v. Chappelone (2010) 183 Cal.App.4th 1159, 1173, 107 Cal.Rptr.3d 895.) Here, the trial court's restitution order provided for Curto's actual economic loss, which was determined to be the cost of installing the remaining windows and repainting her house, adjusted by the full amount she still owed to Walker for his services. Under the plain language and meaning of Penal Code section 1202.4, subdivision (f), a restitution order limiting recovery to the victim's actual economic losses was well within the discretion of the trial court.
The Appellate Division's reliance on section 7031 to support full recovery was misplaced. As the Appellate Division acknowledged, the plain language of Business and Professions section 7031 restricts the statute to civil proceedings. (§ 7031, subd. (b) ["a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract"].)
Contrary to the Appellate Division's analysis, the Legislature did not intend section 7031 to define the amount of criminal restitution under section 7028. In 2009, the Legislature passed Assembly Bill No. 370, which added subdivision (h) to section 7028. (Stats. 2009, ch. 319, § 1.) Subdivision (h) currently provides: "For any conviction under this section, a person who utilized the services of the unlicensed person is a victim of a crime and is eligible, pursuant to subdivision (f) of Section 1202.4 of the Penal Code, for restitution for economic losses, regardless of whether he or she had knowledge that the person *530 was unlicensed." Assembly Bill No. 370 does not indicate that the Legislature contemplated that section 7031 would apply to fix the amount of restitution in criminal cases. To the contrary, the Legislature declared that "[c]urrent law states that a person who uses an unlicensed contractor may bring a civil action to recover all compensation paid to the unlicensed contractor. However, no statute specifically addresses the issue of criminal restitution for victims of unlicensed contractors." (Assem. Com. on Bus. and Prof., Analysis of Assem. Bill No. 370 (2009-2010 Reg. Sess.) Mar. 31, 2009, p. 2.) "Consumers who intentionally hire an unlicensed contractor can already receive all the payments made to the unlicensed contractor through the civil courts ( Business and Professions Code Section 7031(b) ). This bill is mainly targeted at helping consumers who have few resources and little understanding of the process (filing civil cases, checking whether a contractor is licensed or not, etc.) and making it easier for [consumers] to receive compensation for only their economic losses. This bill would also make gaining restitution from an unlicensed contractor in criminal courts more consistent with existing law regarding restitution in civil courts." (Dept. Consumer Affairs, Enrolled Bill *658 Rep. on Assem. Bill No. 370 (2009-2010 Reg. Sess.) June 29, 2009, p. 4, italics added.) The sponsor of Assembly Bill No. 370, Los Angeles City Attorney Rocky Delgadillo, specifically stated that section 7031 only applies to a civil action and emphasized the need for a criminal counterpart. (Sen. Com. on Business, Professions and Economic Development, Analysis of Assem. Bill No. 370 (2009-2010 Reg. Sess.) June 8, 2009, p. 3 [" Business and Professions Code 7031(b) states that a person who uses an unlicensed contractor may bring a civil action to recover all compensation paid to the unlicensed contractor. However, no statute specifically addresses the issue of criminal restitution for victims of unlicensed contractors"].) Delgadillo's successor, Carmen A. Trutanich, wrote a letter to Governor Arnold Schwarzenegger on September 23, 2009, urging him to sign Assembly Bill No. 370. Trutanich stated, "Presently, our civil laws ( § 7031(b) ) specifically mandate that unlicensed contractors disgorge all monies paid by their victims (more than just economic loss).... However, our current criminal laws do not clearly require unlicensed contractors to pay restitution for even the economic loss." (City Attorney Carmen A. Trutanich, letter to Governor Arnold Schwarzenegger re Assem. Bill No. 370 (2009-2010 Reg. Sess.) Sept. 23, 2009, Governor's chaptered bill files, ch. 319.) City Attorney Trutanich concluded, "This bill provides victims with restitution, limited to economic loss, should they hire an unscrupulous unlicensed contractor who performs poor shoddy workmanship." (Ibid. )
Under the statutory scheme, the civil remedy of refunding "all compensation paid" is intended to deter unlicensed contractors by depriving them of all monetary benefit ( § 7031, subd.(b)). The restitution statute, in contrast, serves primarily to compensate victims for actual economic losses. Unlike section 7031, section 1202.4 of the Penal Code does not provide for a full refund of all payments to an unlicensed contractor. A victim who is made whole for economic losses under Penal Code section 1202.4 remains able to pursue the civil law remedy of a full refund. ( People v. Vasquez (2010) 190 Cal.App.4th 1126, 1132, 119 Cal.Rptr.3d 29 ["An order of restitution pursuant to [Penal Code] section 1202.4 does not preclude the crime victim from pursing a separate civil action based on the same facts from which the criminal conviction arose"].) We conclude that the trial court acted within its discretion in ordering restitution for the actual *531 economic loss suffered by Curto. Therefore, the decision in People v. Walker (2016) 6 Cal.App.5th Supp. 38, 211 Cal.Rptr.3d 829, is disapproved to the extent it relied on the civil disgorgement statute to impose criminal restitution.
Attorney Fees
Contrary to Walker's contention, the Appellate Division did not err in holding the trial court abused its discretion in failing to order Curto attorney *659 fees. At trial, the People sought restitution for Curto's attorney fees incurred in the civil action, totaling to $6,526.63. The People argued Curto had to hire an attorney to recover her economic loss and prevent further economic losses "stemming from [Walker's] unlicensed and unlawful activities." The People attached to their brief what appears to be an email from Curto's counsel stating the amount of attorney fees expended in the civil case. ( People v. Millard , supra , 175 Cal.App.4th at p. 26, 95 Cal.Rptr.3d 751 ["a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss"]; People v. Gemelli (2008) 161 Cal.App.4th 1539, 1542-1543, 74 Cal.Rptr.3d 901 [Penal Code "[s] ection 1202.4 does not, by its terms, require any particular kind of proof].)
Penal Code section 1202.4, subdivision (f)(3)(H) provides that economic loss for the purposes of victim restitution includes "[a]ctual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim." Reasonable attorney fees incurred by the victim are recoverable as an item of restitution only to the extent that they were incurred in efforts to recover economic damages sustained by the victim as a result of the criminal conduct. ( People v. Fulton (2003) 109 Cal.App.4th 876, 879, 884-885, 135 Cal.Rptr.2d 466.) Walker initiated the civil action, erroneously because he was not a licensed contractor, to recover the remaining balance on the contract. Curto retained counsel for the purpose of recovering her economic loss and prevent further economic loss "stemming from [Walker's] unlicensed and unlawful activities." The evidence is undisputed Curto incurred attorney fees due to Walker's ill-conceived action. Therefore, the Appellate Division did not err in holding that the trial court abused its discretion in failing to award Curto restitution for attorney fees incurred in efforts to recover her economic damages as a result of Walker's work as an unlicensed contractor.
DISPOSITION
Let a peremptory writ of mandate issue directing the Appellate Division of the Superior Court of Los Angeles County to vacate its prior opinion and issue a new opinion affirming the trial court's restitution order as to the victim's actual economic losses, but reversing the trial court's restitution order as to the victim's attorney fees.
I concur:
DUNNING, J.*

Undesignated statutory references are to the Business and Professions Code.

Walker's complaint and the related proceedings are not provided in the record.

Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.