Filed 5/14/21  P. v. Villalpando CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>VICTOR VILLALPANDO,<br><br>        Defendant and Appellant. | A158402<br><br>(San Mateo County<br>Super. Ct. No. NF435541) |

Defendant Victor Villalpando appeals a victim restitution order entered following his conviction, based upon a plea of no contest, to obtaining money by false pretenses and contracting without a license. He contends there is no factual basis for the amount awarded that has resulted in a windfall to the victim. We conclude otherwise and shall affirm the order.

## Background

In the fall of 2013 defendant contracted to perform work renovating two units of an apartment building in the City of San Mateo owned by Shawn Stoval. After the performance of some work and receipt of several payments, defendant ceased work on the unfinished job in the summer of 2014. In October 2016 defendant was charged with multiple offenses arising out of the construction project and ultimately pleaded no contest to obtaining money by false pretenses (Pen. Code, § 532, subd. (a)) and contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)). The trial court suspended imposition of

1

sentence and placed defendant on probation for five years, subject to numerous conditions including six months in county jail.[1]

Following an evidentiary hearing at which the prosecution requested $317,626 of victim restitution, the court ordered defendant to pay restitution in the amount of $192,020. Defendant has timely appealed but disputes only $20,000 of the portion of the order awarding Stoval $50,000 for the nonperformance of work on "Unit 1" of the building for which he had been paid $65,826.54. The court estimated that defendant had completed approximately 25 percent of that work and thus, after rounding, ordered restitution of 75 percent of that amount, or $50,000. Defendant contends the evidence establishes that he was paid no more than $30,000 for work he failed to perform in Unit 1.

## Discussion

" 'Restitution is constitutionally and statutorily mandated in California.' [Citations.] Penal Code section 1202.4, subdivision (f) provides for a direct restitution order 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct.' 'The order is to be for an amount "sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct." [Citation.]' [Citation.] A person who utilizes the services of a convicted unlicensed contractor is eligible for restitution for economic losses [citation], regardless of whether he or she had knowledge that the contractor was unlicensed. (§ 7028, subd. (h).) [¶] ' "The standard of review of a restitution order is abuse of discretion. 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] ' "When there is a factual and

---

[1] Defendant initially failed to surrender to the county jail and upon a petition to revoke probation, the jail time was increased to nine months.

2

rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' [Citations.]" [Citation.]' [Citation.] 'In reviewing the sufficiency of the evidence, the " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings." [Citation.] Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.]' [Citation.] The trial court ' " 'must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' " ' " (*Walker v. Appellate Division of Superior Court* (2017) 14 Cal.App.5th 651, 656.)

Defendant contends the trial court's order was, with respect to the $50,000 awarded for work for which he was paid but failed to perform, an abuse of discretion because it lacked a sufficient factual basis. Because defendant challenges only that single item in the detailed restitution order, we limit our discussion of the evidence to that relevant to this single controversy. The work on Unit 1 consisted of demolition, for which Stoval paid defendant $35,313.27, and framing, for which Stoval paid defendant $30,513.27. Defendant contends "[t]he evidence was undisputed that [he] completed nearly all of the demolition work. The only remaining work was to remove some debris boxes. Therefore, Stoval was entitled to very little, if any, restitution for the demolition payment. Yet the court awarded Stoval $50,000 as restitution on the Unit 1 project. The only way the court could have reached that number was to award the full $30,513 for the uncompleted framing work and award $20,000 for the uncompleted demolition work, i.e., the debris box removal. The court's implicit ruling that the debris box removal cost Stoval $20,000 finds no support in the record."

3

While defendant did testify that the demolition work was essentially completed when he left the job, that testimony was not "undisputed." On direct examination Stoval testified at one point he didn't "remember at what stage demolition got to precisely before [he] no longer had contact with [defendant]"; that on May 31,2014, he "observed some demolition being completed"; and that when defendant abandoned the project in August the unit was "mostly gutted." On redirect examination he expanded: when defendant abandoned the job in August, Unit 1 "was in a really rough state. There was still demolition that had to be done, and I have both receipts after the fact he left proving there's more demo to be done, so yeah, the demolition was not completed." When asked whether the unit was inhabitable at that point he responded, "No. Demolition wasn't even done. Not even close." On re-cross, he repeated, "It was still in the demolition phase. I have debris box receipts after [defendant] left. It was still being -- meaning demolition had not been completed."

The court began an explanation of its ruling by "saying that it's a little bit difficult . . . figuring out exactly what was done after [defendant] left . . . ." The court then mentioned reasons for which it questioned the credibility of both defendant and Stoval in certain respects. After explaining its reasoning concerning other portions of the award, the court explained how it derived the $50,000 for unfinished work in Unit 1: "So what I find is that based on the documents that I have and the testimony, it was a little bit vague as to exactly what was done. I mean, there was certainly a description that it was demolition and not much beyond that, but what really wasn't described is, sort of, what percentage of the contract did that qualify under. So how do I quantify the amount of work that was done and what was left to do? And I don't think that with respect to installments two and three in Unit 1 that it

4

could have been too much of the contract because of the description of the way it was left when Mr. Villalpando left the job and also the amount of money that it took to finish the job indicates that a great -- a significant portion of it had not been done yet. [¶] So what I chose, and again, I think it's a reasonable inference taking into consideration all of the equities and the physical descriptions that I have of the project, I figured it seemed like about 25 percent of the project was done. So if the total paid on that for those two installments was $65,826.54 and 25 percent of the job was done, Mr. Stoval should get 75 percent of that back, which is approximately $50,000. So instead of the full 65, I set that amount at $50,000."

Thus it is clear that the court did not, as defendant suggests, believe or conclude that the $20,000 in dispute was simply the cost of debris removal. While Stoval's references to the debris box receipts may be read to support defendant's testimony that removal of the debris was all that remained to be done of the demolition work, Stoval repeated that the demolition was not complete when defendant left the job, and there is no basis for assuming that the debris boxes were retained on site at additional cost after the last of the debris had been torn from the building. While Stoval's statement quoted above, "Not even close," might be read as referring to whether the unit was habitable, it may also be read as referring to the completion of demolition. Moreover, although the $35,313.27 payment to defendant was described as "for demolition to start the physical work on the building for demolition," it was reasonable for the court to consider the two payments to defendant totaling some $65,000 as the amount paid to him for work on Unit 1 and to estimate the percentage of the work for which the two payments were made that was not performed. The court recognized that the precise amount of work for which defendant had been paid but had not completed was

5

uncertain. We cannot say that after the court reviewed all the testimony and documentation, its estimate was either unreasonable or irrational.

While the cases cited by defendant stand for the proposition that the amount of restitution cannot be arbitrary or capricious (e.g., *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172-1173; *People v. Thygesen* (1999) 69 Cal.App.4th 988, 994-995), none suggests that the method used here was such. For example, *Chappelone* rejected basing a restitution order for having stolen damaged and unsalable goods on the list retail price of the merchandise. *Thygesen* rejected basing a restitution order for theft of a used cement mixer on the price of "a brand new one." (69 Cal.App.4th at p. 995.) In *Walker v. Appellate Division of Superior Court, supra,* 14 Cal.App.5th 651, a case involving an unlicensed contractor under circumstances similar to those in the present case, the court rejected the full amount paid to the contractor as the measure of the actual economic loss for which restitution could be awarded, rather than the amount paid for work that the contractor had not completed—the measure used by the court here. "[W]hile the amount of restitution cannot be arbitrary or capricious, '[t]here is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable.' " (*People v. Ortiz* (1997) 53 Cal.App.4th 791, 800.) The trial court's reasoning in determining the amount of restitution here was neither arbitrary nor capricious and must be upheld.

### Disposition

The restitution order is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.