Filed 6/1/22  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093366 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F05919) |
| v. | |
| JERRY WEST, JR., | |
| Defendant and Appellant. | |

Defendant Jerry West, Jr., was found guilty of robbing and sexually assaulting four different women using a gun or threats of violence.  (*People v. West* (Jan. 16, 2020, C084521) [nonpub. opn.].)  He was sentenced to an aggregate determinate term of 115 years in state prison plus an indeterminate term of 331 years to life, which included terms for several firearm and prior serious felony enhancements that also were found true. (*Ibid*.)  We affirmed his convictions on appeal, but remanded the matter for resentencing to allow the trial court to determine whether to exercise newly granted discretion to strike the firearm and prior serious felony enhancements given legislative changes that went into effect while defendant's first appeal was pending.

1

At a resentencing hearing in which defendant appeared remotely via Zoom, the trial court declined to exercise its discretion to strike the various enhancements and confirmed defendant's original sentence.  On appeal, defendant contends:  (1) the remote hearing violated his statutory and constitutional rights to be physically present with counsel at the resentencing hearing because it was a critical stage of a criminal proceeding; (2) the trial court abused its discretion by failing to continue the resentencing hearing because the COVID-19 pandemic and quarantine constituted good cause to delay the resentencing until he could physically attend the hearing in court; (3) to the extent defense counsel failed to object to defendant's remote appearance via Zoom, counsel was ineffective; (4) his remote appearance at the hearing was not harmless beyond a reasonable doubt; and (5) that Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518) (Stats. 2021, ch. 441, § 1), which recently amended Penal Code section 654[1] to afford trial courts additional sentencing discretion, applies retroactively to defendant's case.

Except for defendant's final claim, we reject his contentions on appeal. Accordingly, we shall affirm the trial court's order denying defendant's motion to strike the firearm and prior serious felony enhancements and for resentencing, but will remand the matter to allow the trial court an opportunity to exercise its newly granted discretion under section 654.

BACKGROUND

The facts underlying defendant's convictions are not relevant to the issues he raises on appeal.  Briefly summarized, over the course of three weeks in 2015, defendant attacked, robbed, and sexually assaulted four women in Sacramento while wearing distinctive red clothing.  During three of the assaults, defendant used a firearm and left

---

[1]     Undesignated statutory references are to the Penal Code.

2

behind DNA evidence that matched his DNA profile. The evidence at trial overwhelmingly established defendant's guilt of the crimes.

After the jury convicted him of all charges and all enhancements were found true,[2] the trial court sentenced him to an aggregate term of 115 years plus 331 years to life in prison. As relevant here, defendant's sentence included 70 years for the attached firearm enhancements plus 45 years for the prior serious felony enhancements.[3] Although we affirmed his convictions on appeal, we remanded the matter for the trial court to decide whether to exercise newly granted discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) to strike one or more of the firearm enhancements and the prior serious felony enhancements, respectively.

Following issuance of the remittitur, the trial court set the matter for a remote hearing via Zoom on September 18, 2020. The court's minute order states: "Because of the Covid-19 pandemic, the Court has received information that if an inmate[ ] is housed at a [California Department of Corrections and Rehabilitation (CDCR)] facility other than Vacaville or CSP-Sacramento, he will not be accepted back into a CDCR facility if they are transported to the Sacramento Main Jail. Because of this policy, the inmate will not be accepted and held by the Sacramento Sheriff's Department. [¶] The Court has confirmed that the CDCR facility (CCI - Tehachapi) at which the defendant is housed is

---

[2]     Defendant was found guilty of two counts of forcible oral copulation (former § 288a, subd. (c)(2)); carjacking (§ 215, subd. (a)); four counts of robbery (§ 211); two counts of assault with intent to commit oral copulation (§ 220); two counts of assault with a semiautomatic firearm (§ 245, subd. (b)); kidnapping with intent to commit robbery and/or oral copulation (§ 209, subd. (b)(1)); and attempted forcible oral copulation (§ 664, former § 288a, subd. (c)(2)).

[3]     Defendant was sentenced pursuant to the Three Strikes law, which provides that prior serious felony enhancements under section 667, subdivision (a) "are to be applied individually to each count of a third strike sentence." (*People v. Williams* (2004) 34 Cal.4th 397, 405; §§ 667, subds. (b)-(i), 1170.12.)

able to accommodate a Zoom hearing in which the *defendant can appear remotely pursuant to Penal Code* [*section*] *977.2*." (Italics added.) The court ordered the parties to file simultaneous briefs on whether to strike the firearm or prior serious felony enhancements.

Defendant appeared remotely at the hearing on September 18, 2020, via Zoom, as did the prosecutor and defendant's counsel. The parties each requested a continuance in order to file their briefs. The court continued the hearing to November 6, 2020. At no time during the hearing did defendant or his counsel object to his appearing by Zoom. Nor did defendant or his counsel object when the court arranged to have defendant appear remotely at the continued hearing on November 6.

In a letter to the court dated September 18, 2020, and filed by the court on September 30, 2020, defendant discussed his efforts to write a book, explained his disciplinary write-ups, difficulties in prison, his complaints against prison officials, and detailed his relationship with his minor daughter. Defendant requested to physically appear in court as it was "not safe or private enough for [him] to do video conference."

In October 2020, defense counsel filed a motion to strike the firearm and prior serious felony enhancements. Defendant argued that it would serve the interest of justice to strike the enhancements because the sentence originally imposed was too lengthy, and because the mitigation factors did not adequately encompass defendant's difficult upbringing or reflect that three of his victims were not particularly vulnerable, as they wrestled the gun away from him or successfully eluded his attack. Defense counsel did not request that defendant personally appear for the upcoming resentencing hearing, nor did counsel request a continuance until such time as defendant could physically appear.

The People opposed defendant's motion to strike. Given defendant's extensive criminal history and the severity of the crimes of which he was convicted, the prosecutor argued that striking any of the enhancements would be an affront to justice.

The probation department filed a supplemental probation report recommending that the court adhere to the original sentence and not exercise its discretion to strike any of the firearm enhancements or the prior serious felony enhancements. The report noted that after being convicted of two counts of carjacking, defendant had been out on parole for only two months when he committed the sexual assault crimes here. Defendant used a firearm on three of the victims during the assaults, and also discharged the gun during one of the attacks against two victims, proving that the firearm had been loaded. Defendant, in probation's view, had demonstrated that he was "extremely dangerous," and that the victims were substantially "traumatized" by the offenses.

At the continued hearing on November 6, 2020, defendant and all counsel appeared remotely via Zoom. The court noted for the record that the hearing was being conducted remotely via Zoom "pursuant to the Presiding Judge's Order issued on March 30th, 2020 and is being live-streamed on the Court's YouTube channel." Neither defendant nor his counsel objected to appearing via Zoom at the hearing, nor did either request that the court continue the hearing until such time as he could personally appear.

Defense counsel argued that defendant's original sentence was excessive, and that striking all of the firearm enhancements as well as the prior serious felony enhancements would still leave a sentence that appropriately punished defendant for his crimes. The prosecutor urged the court to follow probation's recommendation that the court decline to exercise its discretion to strike any of the enhancements. Counsel noted that the trial court had presided over defendant's trial and heard the evidence presented against him.

Before ruling, the court asked defendant if he wished to be heard. In response, defendant stated that he "just want[ed] some help." He said he understood why he was being punished and that he knew what was right and wrong, but that "this is a lot, it's too much, and I would like to ask for some help."

After considering the parties' briefs, the supplemental probation report, defendant's correspondence, and the parties' arguments at the hearing, the court declined

5

to strike the prior serious felony enhancements.  The court also declined to exercise its discretion to strike the firearm enhancements.

In so ruling, the court noted that the facts of defendant's 2009 prior serious felony convictions for carjacking (§ 215, subd. (a)) two separate victims, in which he used a firearm, were similar to the facts of several of the offenses here.  After serving nearly six years of his seven-year eight-month prison sentence, defendant was released on parole and committed the present offenses only two months later.  Thus, the court found that defendant's prior serious felony convictions were not remote in time, especially given that defendant was incarcerated for a substantial portion of the time between the prior and current offenses.  The court also emphasized that both the current and former offenses involved violence or threats of violence; in each instance defendant pointed a firearm at, beat, or threatened violence against the victims.  The time between the prior and current offenses further demonstrated that it was not a single period of aberrant behavior.  Given the nature of the prior and current offenses in which he had repeatedly attacked innocent and defenseless people sitting in their cars or walking alone at night, as well as his background, character, prospects, and his high-risk score on the Static-99R,[4] the court found defendant posed a serious danger to society.

In deciding whether to exercise its discretion to strike the firearm enhancements, the court considered the general sentencing objectives in rule 4.410 of the California Rules of Court,[5] the sentencing factors listed in rule 4.428, including defendant's

---

[4] "The 'Static-99' test is a sex offender risk assessment tool that must be used to evaluate adult males who are required to register as sex offenders . . . ." (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1067, fn. 6, citing § 290.4, subd. (b)(1).)  " 'The Static-99R is a revised version of the Static-99 that takes into account the age of a sexual offender based on statistics showing the risk of sexual reoffense decreases as the offender ages.' [Citations.]" (*LaBlanc, supra*, at pp. 1067-1068, fn. 6.)

[5] Undesignated rule references are to the California Rules of Court.

criminal record and past criminal conduct, and the factors in aggravation under rule 4.421. The court found that the firearm was an integral part of the offenses against three of the victims. In one incident, defendant threatened the victim with the firearm and forced her to orally copulate him; in the other incident, defendant put the gun to the head of one of the victim's while he sexually assaulted her and tried to force her to orally copulate him, and he hit the other victim with the gun in the back of the head while he attempted to assault her. When they fought back, defendant discharged the gun during the struggle, narrowly missing one of the victims. Finally, the court noted that defendant had not expressed any insight or remorse for his conduct in his communication to the court.

The court denied defendant's motion to strike the enhancements and confirmed defendant's original sentence of life with a mandatory minimum of 331 years plus 115 years. Defendant timely appealed.

DISCUSSION

I

*Personal Presence at Resentencing Hearing*

Defendant's primary argument on appeal is that he did not waive his presence at the resentencing hearing and the trial court therefore erred by holding the hearing remotely via Zoom. He contends the virtual hearing violated his statutory and constitutional rights to be physically present with counsel at the hearing.

"A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043. [Citations.]" (*People v. Concepcion* (2008) 45 Cal.4th 77, 81; see also *People v. Cole* (2004) 33 Cal.4th 1158, 1230 (*Cole*); *People v. Waidla* (2000) 22 Cal.4th 690, 741.) This right extends to all critical stages of the criminal prosecution and includes sentencing and resentencing. (See

7

*People v. Robertson* (1989) 48 Cal.3d 18, 60 [criminal defendants have a "constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence"]; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 [the defendant's right to be personally present "extends to sentencing and resentencing proceedings"]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300 [where court is expected to exercise its sentencing discretion and restructure the entire sentencing package, the proceeding is properly characterized as a critical stage].)

    A.    *Statutory rights*

Under section 977,[6] a criminal defendant convicted of a felony is required to be present at sentencing unless he waives his right to personally appear. (§ 977, subds. (b)(1), (2), (c); *People v. Concepcion, supra*, 45 Cal.4th at p. 82.) Here, the record does not contain any evidence of a written waiver. To the contrary, defendant contends he did not waive his right to be physically present and, instead, specifically requested in his letter to the court that he wanted to physically attend the hearing at the courthouse because it was not safe for him to speak in front of prison personnel.[7]

Section 977.2, however, provides: "*Notwithstanding Section 977 or any other law*, in any case in which the defendant is charged with a misdemeanor or a felony *and is currently incarcerated in the state prison*, the [CDCR] may arrange for all court appearances in superior court, except for the preliminary hearing and trial, to be

---

**6**    Section 977, subdivision (b)(1) provides in pertinent part: "Except as provided in subdivision (c), in all cases in which a felony is charged, the accused shall be personally present . . . at the time of the imposition of sentence. . . ." (§ 977, subd. (b)(1).) A defendant may execute a written waiver of his or her right to be personally present. (§ 977, subds. (b)(1), (2), (c).)

**7**    Because courts generally should "avoid resolving constitutional issues if a case can be decided on statutory grounds," we address defendant's statutory claims first. (See *Citizens to Save California v. California Fair Political Practices Com.* (2006) 145 Cal.App.4th 736, 745.)

conducted by two-way electronic audio[/]video communication between the defendant and the courtroom in lieu of the physical presence of the defendant in the courtroom. (§ 977.2, subd. (a), italics added.)

Defendant argues that the Legislature's use of the word "may" in section 977.2 indicates that the CDCR *may* arrange for video conference appearances at a resentencing hearing under section 977.2 *but only if* an incarcerated defendant consents. The People, on the other hand, argue the plain language of section 977.2 shows the Legislature's intent to override section 977 and allow the CDCR to require incarcerated defendants to appear at a resentencing hearing remotely via video conference regardless of whether they have executed a written waiver under section 977.

" 'When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls.' [Citation.]" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131.) " '[W]henever possible significance must be given to every word [in a statute] in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage.' [Citation.]" (*Ibid*.) " 'A statute should be construed with reference to the whole system of law it is enacted to govern and the scheme should be interpreted so that sections are harmonized with one another.' [Citation.]" (*People v. Guillen* (2013) 212 Cal.App.4th 992, 996.)

While it is true that "use of the word 'may' is permissive, not mandatory" (*Tolle v. Struve* (1932) 124 Cal.App. 263, 268), defendant's interpretation of section 977.2 effectively reads the introductory clause "[*n*]*otwithstanding Section 977 or any other law*" out of the statute, thereby rendering it mere surplusage. (§ 977.2, subd. (a), italics added.) The People's interpretation, by contrast, gives effect to all of section 977.2's statutory language and is thus more persuasive.

"[T]he rule of statutory construction *expressio unius est exclusio alterius*" further supports the People's statutory interpretation. (*People v. Guillen, supra*, 212 Cal.App.4th

at p. 996.)  The rule provides that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed in the absence of a clear legislative intent to the contrary.  (*Ibid*.)  Here, section 977.2's plain language expressly carves out two exceptions to the CDCR's ability to require remote hearings for incarcerated individuals—preliminary hearings and trials—but no others.  (§ 977.2, subd. (a).)  Had the Legislature intended to also exclude sentencing from the CDCR's ability to require remote hearings, it knew how to do so.

Nor may we imply such an exception for sentencing hearings for those defendants who are currently incarcerated, like defendant was here, absent clear legislative intent.  As the People point out, the Legislature recently amended section 977.2 to *remove* sentencing hearings from the list of court appearances that the CDCR could not arrange to be conducted remotely absent a waiver from the defendant.  (Compare former § 977.2, as amended by Stats. 2007, ch. 43, § 19, with § 977.2, as amended by Stats. 2020, ch. 29, § 13, eff. Aug. 6, 2020.)  This legislative history further supports applying the *expressio unius est exclusio alterius* rule when interpreting section 977.2.

In light of section 977.2's plain language and the Legislature's recent amendments to the statute deleting any reference to sentencing hearings, we conclude the trial court did not violate defendant's statutory right under section 977 to be physically present at the resentencing hearing in this case even absent a written waiver.

B.     *Constitutional claims*

We next turn to whether the remote hearing violated defendant's constitutional right to be physically present at the resentencing hearing.  At the outset, we note that none of the constitutional provisions at issue here give a defendant an absolute right to be personally present at every hearing.  (*People v. Virgil* (2011) 51 Cal.4th 1210, 1234.)

" 'Under the Sixth Amendment's confrontation clause, a criminal defendant does not have a right to be personally present at a particular proceeding unless his appearance is necessary to prevent "interference with [his] opportunity for effective cross-

examination." ' [Citation.]" (*Cole, supra*, 33 Cal.4th at p. 1231.) " 'Similarly, under the Fourteenth Amendment's due process clause, a criminal defendant does not have a right to be present at a particular proceeding unless he finds himself at a "stage . . . that is critical to [the] outcome" and "his presence would contribute to the fairness of the procedure." ' [Citations.]" (*Ibid*.) Under article I, section 15 of the California Constitution, a criminal defendant does not have a right to be personally present at any hearing on questions of law or other matters if his presence does not bear a " ' " ' " reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' " ' " (*People v. Waidla, supra*, 22 Cal.4th at p. 742.)

Here, as the People argue, defendant's remote appearance did not in any way interfere with an opportunity for effective cross-examination under the Sixth Amendment confrontation clause because there were no witnesses to cross-examine at the resentencing hearing. Nor did it violate article I, section 15 of the California Constitution, as his remote appearance did not interfere with a full opportunity to defend against the charges against him.[8]

The analysis under the federal due process clause, however, is somewhat different. "The [United States Supreme] Court has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a [Fourteenth Amendment] due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.' [Citation.]" (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [96

---

[8]     Notably, our Supreme Court has held that "a criminal defendant does not have a right to be personally present [under section 977], even in the absence of a waiver, where he does not have such a right under article I, section 15 of the California Constitution" (*Cole, supra*, 33 Cal.4th at p. 1231), which further supports our conclusion that conducting the resentencing hearing remotely did not violate section 977.

L.Ed.2d 631, 647].) Nonetheless, "this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow . . . .' " (*Ibid*.)

Under the circumstances here, we conclude that defendant's due process rights were not violated by conducting the resentencing hearing remotely. While it is true that defendant was not physically present in the courtroom, he was "present" at the resentencing hearing via video conference and had an opportunity to observe the judge and counsel and hear all arguments and comments made on his motion. Defendant also had the opportunity to address—and, notably, *did address*—the court regarding the resentencing matters at issue. And during the video conference, defendant never objected to appearing remotely. Thus, any benefit of appearing in the courtroom in person rather than remotely was " 'but a shadow,' " and would not have contributed to the fairness of the hearing. (*Kentucky v. Stincer, supra*, 482 U.S. at p. 745; see e.g., *Commonwealth v. Tejada* (2017) 161 A.3d 313, 319 [at a hearing to reclaim the right to appear at a retrial in person following a disturbance by the defendant that resulted in a mistrial during his first trial, the Pennsylvania court held that conducting the hearing remotely did not violate the defendant's due process rights because his physical presence at the hearing would have not contributed to the fairness of the hearing].)

To the extent defendant contends he was unable to candidly converse with the court during the remote hearing, he offers nothing more than vague speculation about privacy and safety concerns. Indeed, had defendant appeared in the courtroom in person, the hearing likely would have been open to the public, and more importantly, to law enforcement personnel. Thus, law enforcement personnel would have been present during the hearing either way.

On this record, we see no reason to believe that defendant's physical presence in the courtroom would have made any difference to the reliability of the judge's conclusion that exercising discretion to strike the firearm or prior serious felony enhancements was

12

contrary to the interest of justice given the horrific nature of defendant's numerous sexual offenses and assaults as well as his extensive criminal background.**9**

## II

### *Failure to Continue Resentencing Hearing*

Defendant also contends the trial court abused its discretion by failing to continue the resentencing hearing, given the COVID-19 pandemic and resultant quarantine, which constituted good cause for a continuance. Rather than proceed via Zoom, defendant argues that the trial court "should have continued the resentencing proceedings until [he] could appear in person, as was his constitutional right."

At the outset, we note that neither defendant nor his counsel ever requested a continuance based on the pandemic. The trial court was under no obligation to grant, sua sponte, an unrequested continuance. (*People v. Alcala* (1992) 4 Cal.4th 742, 782; *People v. Medina* (1995) 11 Cal.4th 694, 739 [a trial court has no sua sponte duty to order a continuance absent a request from counsel].) Nor can the court be faulted on appeal for failing to grant a motion for a continuance that was never made. (*Alcala, supra*, at p. 782 [where a defendant did not seek a continuance from the trial court, the argument that the court erred in not granting a continuance is not properly before an appellate court].)

To the extent his counsel failed to request a continuance, defendant argues ineffective assistance of counsel. We are not persuaded.

" ' "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under

---

**9**    Given our conclusion that the trial court did not err in conducting the resentencing hearing remotely, we need not address defendant's claim that the trial court erred in relying on an emergency order issued by the Presiding Judge of the Sacramento County Superior Court as a basis for conducting the resentencing hearing via video conference. "On appeal, we consider the correctness of the trial court's ruling *itself*, not the correctness of the trial court's *reasons* for reaching its decision." (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145, original italics.)

13

prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.]" ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687, 688 [80 L.Ed.2d 674, 693, 694].) A " 'reasonable probability' " is one that sufficiently undermines confidence in the outcome. (*Rices, supra*, at p. 80.)

Here, we have already concluded that defendant did not have a constitutional or statutory right to physically appear at the resentencing hearing in the courtroom rather than personally appear via video conference. Thus, there was no good cause to request a continuance, and it is not reasonably probable that the court would have granted a continuance had one been requested. (§ 1050, subd. (e); *People v. Hart* (1999) 20 Cal.4th 546, 629 [trial counsel does not render ineffective assistance by failing to make a fruitless objection or motion].) Defense counsel, then, did not render ineffective assistance, nor was defendant prejudiced by the absence of a request for a continuance.

III

*Assembly Bill 518*

The parties agree in supplemental briefing that newly enacted Assembly Bill 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), which amended section 654, applies to defendant's case, as it was still pending on appeal when Assembly Bill 518 went into effect on January 1, 2022. We concur.

Section 654 previously required an act or omission punishable in different ways by different laws to be punished under the law that provided for the longest possible term of imprisonment. Assembly Bill 518 amended section 654 to afford trial courts the discretion to punish the act or omission under any of the applicable laws. (Stats. 2021, ch. 441, § 1.) Assembly Bill 518 applies retroactively to cases not yet final on appeal under the principles of *In re Estrada* (1965) 63 Cal.2d 740. (*People v. Sek* (2022) 74

14

Cal.App.5th 657, 673.)  Accordingly, we shall remand for further proceedings to allow the trial court the opportunity to exercise its newly granted discretion under section 654.

## DISPOSITION

The order denying defendant's motion for resentencing is affirmed.  The matter is remanded to the trial court so that it may determine whether to exercise its newly granted discretion under section 654.  If the trial court chooses to exercise its discretion to impose a lower term under section 654 on any applicable count, the court shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


      KRAUSE      , J.


We concur:


      HULL      , Acting P. J.


      HOCH      , J.